# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| CURTIS DEAN HORNE, | ) | |
| | ) | |
| Petitioner, | ) | No. 9:91-cv-0063-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Curtis Dean Horne's ("Horne")

motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255,

ECF No. 4, and the United States of America's ("the government") motion to dismiss,

ECF No. 11. For the reasons set forth below, the court denies Horne's motion to vacate

and grants the government's motion to dismiss.

## I. BACKGROUND

On May 15, 1991, a jury found Horne guilty of five counts for (1) bank robbery in

violation of 18 U.S.C. §§ 2113(a) and 2113(d); (2) carrying a firearm in relation to a

crime of violence in violation of 18 U.S.C. § 924(c); (3) possession of a firearm by a

person having been convicted of a felony in violation of 18 U.S.C. §§ 922(g) and 924(e);

(4) transporting a stolen firearm in interstate commerce in violation of 18 U.S.C. §§

922(i) and 924(a)(2); and (5) transporting a stolen motor vehicle in interstate commerce

in violation of 18 U.S.C. § 2312.

At the time of his conviction, Horne had several previous convictions: two

federal bank robbery convictions under 18 U.S.C. §§ 2113(a) and 2113(d) from Michigan

and Florida and two Florida bank robbery convictions under Fla. Stat. Ann. § 812.13.

1

Horne's previous convictions served as the predicate offenses for his conviction under § 924(e), the Armed Career Criminal Act (the "ACCA"). Pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "the Sentencing Guidelines"), a defendant who is convicted under the ACCA is subject to an offense level of 34, if the defendant used a firearm in connection with a crime of violence, and a criminal history category of IV. U.S.S.G. §§ 14B.4(a)(3)(A), (c)(3). Therefore, with respect to Counts 1, 3, 4, and 5, Horne's Presentence Report ("PSR") recommended a guideline range of 262 to 327 months based on his offense level of 34 and criminal history category of VI. Further, Horne's conviction under Count 2 for a violation of § 924(c) carried a mandatory consecutive sentence of 240 months because it was Horne's second and subsequent § 924(c) offense. Therefore, the court sentenced Horne to 262 months on Counts 1, 3, 4, and 5 and 240 months on Count 2, resulting in a 502-month prison term.

On July 22, 2016, Horne filed his § 2255 motion. ECF No. 7. In response to the motion, the government filed a motion to dismiss on October 19, 2016. ECF No. 11. Horne responded to the motion to dismiss on December 6, 2016. ECF No. 14. The government did not file a reply, and the time to do so has now passed. Thus, this matter is now ripe for the court's review.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear

failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v.

Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

> Pursuant to 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the

evidence.[1]  See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011)

(citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### III.  DISCUSSION

In his petition, Horne argues that he can no longer be classified as an armed career

criminal under the ACCA in light of the Supreme Court's invalidation of the ACCA's

residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015).  Horne contends that

that his previous convictions no longer qualify as predicate offenses under the ACCA.  In

its motion to dismiss, the government argues that Horne is still properly classified as an

armed career criminal because Horne's two federal robbery convictions and two state

robbery convictions qualify as violent felonies under the ACCA's force clause.  In

response, Horne maintains his position that Johnson invalidates his classification as an

armed career criminal.

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

Horne was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g). Section 924(e) provides that any person who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both shall be imprisoned for no less than fifteen years. The statute defines "violent felony" as a crime punishable by imprisonment for more than a year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion of the definition is residual clause, which the Supreme Court invalidated an unconstitutionally vague in <u>Johnson</u>. The definitions that remain intact after <u>Johnson</u> are subsection (i), known as the force clause, and the first part of subsection (ii), known as the enumerated offense clause. Therefore, in order for Horne's armed career criminal designation to stand, he must have three previous convictions of (1) a violent felony that falls within the force clause or the enumerated offense clause and/or (2) a serious drug offense.

Because each of Horne's robbery convictions falls within the ACCA's force clause, Horne's designation of an armed career criminal is unaffected by <u>Johnson</u> and remains valid. Horne has two previous federal convictions for bank robbery under 18 §§ U.S.C. 2113(a) and 2113(d). The Fourth Circuit has held that

> Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).[2]

---

[2] Although the Fourth Circuit in <u>McNeal</u> considered whether bank robbery under § 2113(a) fell under the force clause for the purposes of § 924(c), its analysis applies with

4

United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016).  Therefore, Horne's federal

convictions qualify as "violent felonies" under the force clause and properly support his

designation as an armed career criminal.

Likewise, Horne's Florida bank robbery convictions also fall under the force

clause of the ACCA.  Considering a defendant's previous robbery conviction under Fla.

Stat. Ann. § 812.13, the Supreme Court recently held that "[b]ecause the term 'physical

force' in ACCA encompasses the degree of force necessary to commit common-law

robbery, and because Florida robbery requires that same degree of 'force,' Florida

robbery qualifies as an ACCA-predicate offense under the [force] clause." Stokeling v.

United States, 139 S. Ct. 544, 555 (2019).  Therefore, Horne's Florida robbery

convictions fall under the ACCA's force clause and also properly support his status as an

armed career criminal.[3]  As such, four of Horne's previous convictions qualify as

"violent felonies" under the force clause of § 924(e) and properly serve as predicate

_____

equal force to the force clause of the ACCA, as the two clauses contain identical
language.
[3] Horne was convicted under an earlier version of § 812.13. which defined
robbery as "the taking of money or other property which may be the subject of larceny
from the person or custody of another by force, violence, assault, or putting in fear."  In
1987, § 812.13 was amended to add an additional phrase, defining robbery as "the taking
of money or other property which may be the subject of larceny from the person or
custody of another, with intent to either permanently or temporarily deprive the person or
the owner of the money or other property, when in the course of the taking there is the
use of force, violence, assault, or putting in fear."  Brown v. State, 413 So. 2d 1273, 1274
(Fla. Dist. Ct. App. 1982), aff'd, 430 So. 2d 446 (Fla. 1983) (changes underlined).  In
Stokeling v. United States, the Supreme Court emphasized that the critical factor in
determining whether a crime falls under the force clause is the degree of force the statute
requires. The amendment to § 812.13 did nothing to change the degree of force required
for an act to constitute robbery.  Therefore, the difference between the version of the
statute under which Horne was convicted and the version that the Supreme Court
considered has no effect on the Supreme Court's conclusion that § 812.13 falls under the
force clause of the ACCA.

offenses for Horne's designation as an armed career criminal. Accordingly, Horne's designation and his sentence remain valid after <u>Johnson</u>.[4]

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003). Here, Horne does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

---

[4] In his petition, Horne argues that <u>Johnson</u>'s invalidation of the ACCA's residual clause should apply with equal force to the residual clause of U.S.S.G. § 4B1.1, which defines "crime of violence" for the purposes of the career offender sentence enhancement. However, Horne was convicted as an armed career criminal under § 924(e), which requires predicate offenses to be "violent felonies." His sentence was enhanced, therefore, pursuant to his armed career criminal designation and U.S.S.G. § 4B1.4, which mandated an offense level of 34 and criminal history category of IV. In short, Horne's status as an armed career criminal under § 4B1.4 enhanced his sentence, not a designation as a career offender under § 4B1.1. Therefore, the court need not consider whether Horne's previous convictions constitute "crimes of violence" for the purposes of § 4B1.1.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Horne's motion and **GRANTS** the

government's motion to dismiss.  A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 26, 2020**
**Charleston, South Carolina**